MARY S. DOUGLAS, Respondent, *v.* FREDERICK H. SMITH, as Assignee for the Benefit of Creditors of BENJAMIN M. HARRIS, Appellant, Impleaded with Another Defendant.

*Reference — electing to end it — referee fees — a qualified delivery of a report insufficient — power by interlocutory judgment to direct payment of future referee's fees — Code of Civil Procedure, sec. 1019.*

In an action brought to compel an accounting by an assignee for the benefit of creditors, an interlocutory judgment directed a reference and a referee was appointed. It was also, among other things, ordered by the interlocutory judgment that the fees of the referee should be paid out of the fund, unless otherwise directed by the court or the referee. The referee's report not having been filed within the sixty days prescribed by section 1019 of the Code of Civil Procedure, the assignee gave notice that he elected to end the reference.

It appeared that before this notice was served the referee had delivered his report to the counsel for the opposite side " on the assurance that the same should not be filed until the referee's fees were paid."

*Held*, that a qualified delivery of the report was not enough; that the assignee had a right to end the reference and that the referee had lost his fees.

*Semble*, that the court had no power to direct, by the interlocutory judgment, that a person, other than the one who was successful upon the reference, should be compelled to pay the referee's fees and take up the report.

Appeal by the defendant Frederick H. Smith, as assignee for the benefit of creditors of Benjamin M. Harris, from an order of the Supreme Court, entered in the office of the clerk of of the city and county of New York on the 9th day of May, 1892 directing him to pay the fees of a referee.

*J. A. Shoudy*, for the appellant.

*Rollin H. Lynde*, for the respondent.

O'BRIEN, J.:

This action was brought to compel an accounting on behalf of all creditors by Smith as assignee of Benjamin M. Harris, and for a distribution among the creditors and for the discharge of the assignee. By an interlocutory judgment a reference was ordered which directed the referee to pass upon the claims of creditors, and also directed " that the fees and expenses of the said referee be charged upon and paid out of the funds in the hands of Frederick H. Smith as such assignee, unless otherwise directed by the court or said referee." It appears that the reference was closed February 16, 1892, that the referee's fees had not been paid, and that the appellant had refused to take up the report. After the lapse of more than sixty days from the time of final submission, the appellant gave notice in pursuance of section 1019 of the Code that he elected to terminate the reference, which notice was served upon the attorney for the plaintiff and the other attorney who appeared before the referee. The report of the referee was not filed within the sixty days, and in respect to its disposition the affidavit of counsel for respondent shows that, at least a week before the notice was served to terminate the reference, the report was delivered to him " on the assurance that the same should not be filed until the referee's fees were paid."

Section 1019 of the Code provides that the referee's " written report must be either filed with the clerk or delivered to the attorney for one of the parties within sixty days from the time when the cause or matter is finally submitted; otherwise either party may, before it is filed or delivered, serve a notice upon the attorney for the adverse party that he elects to end the reference. In such a case   *   *   *   the referee is not entitled to any fees."

It will thus be seen that if neither party takes up the report, the referee must file it with the clerk within sixty days. It being conceded that it was not so filed, the question presented is as to whether the facts show that within the meaning of this section it was delivered to the attorney for one of the parties within the time so as to take away the right to terminate the reference.

We think that a compliance with this section demanded an unqualified delivery of the report, so that it should be as stated in *Birdseye* v. *Goddard* (17 Weekly Digest, 228), " subject to the

control, use and disposition of the attorney who received it." Here the report was delivered upon an assurance that it should not be filed until the referee's fees were paid. Thus it will be seen that the delivery, if delivery it can be called, was a qualified one, being merely intrusted to the custody of the counsel for the plaintiff upon the express condition that no use should be made of it until the fees were paid. We do not think that this was sufficient.

The suggestion that, notwithstanding the promise made not to file the report until the referee's fees were paid, it was still left in the physical power of the attorney to file the report on the day it was delivered, does not help respondent's contention, because it would be recognizing that what at best was but a qualified delivery could be converted into an absolute and unconditional delivery of the report, by sanctioning what would practically amount to a violation of a condition and a breach of trust. The report, therefore, not being either filed or delivered within sixty days, as provided by the Code, it was within the power of any of the parties, which was availed of by the appellant here, to terminate the reference.

The learned judge below was no doubt impressed with the same suggestion that has been urged upon us, that the provision of the interlocutory judgment which has been quoted above, requiring the assignee to pay the referee's fees, was controlling, irrespective of whether the reference was terminated or not. To this two answers may be suggested : First, that if the reference has been terminated the referee is not entitled to fees ; and, second, that the construction placed upon the terms of the interlocutory judgment by the respondent is not, in our opinion, the correct one. We think it exceedingly doubtful as to the power of the court to adjudge, except, perhaps, as a condition for a favor granted, that a party, other than the one succeeding upon a reference, should be compelled to pay the referee's fees and take up the report. The judgment here does not, in terms nor by fair implication, require that in the first instance the assignee should pay out of the fund in his hands the referee's fees ; nor does it change the rule that upon the successful party paying the fees he shall be entitled, in addition to any other recovery, to a judgment for such fees. In other words, the interlocutory judgment here provides what in the absence of such provision the law would supply, namely, that the judgment to

be entered upon the report of the referee on the accounting should, in addition to the other relief, provide for the payment by the assignee out of the funds in his hands, either to the referee in case he had filed the report, or to the one who had taken up the same and paid the fees, the amount thereof.

We do not think, therefore, that the interlocutory judgment decreed that the assignee should, in the first instance, take up the report and pay the fees; nor do we think it at all clear that the court had any power in a summary manner, such as this upon a motion, to so compel the assignee. Without, however, directly passing upon this question, we think, for the reason first assigned, that the reference had terminated and the referee had thus lost his right to the fees, that the assignee could not be compelled to pay the same, and that the order to that extent was erroneous and should be reversed and motion denied, with ten dollars costs and disbursements.

Van Brunt, P. J., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.